UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DAVID A.,                                              Case No. 26-CV-0900 (PJS/DLM)

Petitioner,

v.                                                     ORDER

PAMELA BONDI, Attorney General; KRISTI
NOEM, Secretary, U.S. Department of
Homeland Security; TODD M. LYONS,
Acting Director of Immigration and Customs
Enforcement; DAVID EASTERWOOD,
Acting Director, St. Paul Field Office,
Immigration and Customs Enforcement; and
Sheriff Joel Brott,

Respondents.

---

Kira Aakre Kelley, CLIMATE DEFENSE PROJECT, for petitioner.

Ana H. Voss and David W. Fuller, UNITED STATES ATTORNEY'S
OFFICE, for all respondents except Joel Brott.

This matter is before the Court on petitioner David A.'s petition for a writ of
habeas corpus.[1]  David, a citizen of Mexico, entered the United States without
inspection and now lives in Minnesota with his wife.[2]  V. Pet. ¶¶ 13, 15.  David is
seeking asylum, has a valid work permit, and has not received a final removal order.  *Id.*

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies
petitioner only by his first name and last initials.

[2]The date of David's unlawful entry is not stated in his verified petition.

¶ 14.  Immigration and Customs Enforcement ("ICE") nevertheless arrested David on December 26, 2025, by pulling David over as he was driving, breaking the glass of his car window, and apprehending him without a warrant.  V. Pet. ¶ 16.  David is currently detained at the Sherburne County Jail in Minnesota.  *Id.* ¶ 20.

Respondents take the position that David is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a).  This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following his arrest, David filed this habeas action.  This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States unlawfully.  This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

While respondents' argument to the contrary has some has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as David, who entered without inspection and are already present and living in the United States.[3]  The Court therefore holds that David is not subject to mandatory detention under § 1225(b)(2).

As to remedy:  The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)).  David alleged in his petition that his arrest was warrantless, *e.g.*, V. Pet. ¶¶ 16, 30, 53, and respondents have not argued otherwise or presented evidence to the contrary.[4]  The Court will therefore grant David's petition and order his release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

---

[3]The Court notes that respondents' arguments to the contrary are preserved for appeal.  *See* ECF No. 5 at 2.

[4]The Court ordered respondents to address whether the absence of a warrant preceding David's arrest necessitates his immediate release, and respondents did not address the issue.  ECF Nos. 3 ¶ 2(e) and 5.

1.    Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2.    The Court DECLARES that petitioner is not subject to mandatory

       detention under 8 U.S.C. § 1225(b)(2).

3.    Respondents must release petitioner from custody immediately.

4.    If petitioner has been removed from Minnesota, respondents are

       ORDERED to immediately return petitioner to Minnesota.

5.    The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 2, 2026

                                          Patrick J. Schiltz, Chief Judge
                                          United States District Court